UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.W.P.H. ENTERPRISES dba American Ambulance, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>7173 NORTH SHARON AVENUE OPERATING COMPANY, LLC dba San Joaquin Valley Rehabilitation Hospital, a Delaware limited liability company,<br><br>Defendant. | Case No. 1:24-cv-01469-JLT-SKO<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION<br><br>(Doc. 1) |

On November 27, 2024, Plaintiff K.W.P.H. Enterprises dba American Ambulance, a California corporation, filed a complaint against Defendant 7173 North Sharon Avenue Operating Company, LLC, asserting claims for breach of implied-in-law contract/*quantum meruit*, open book account, and declaratory relief. (Doc. 1 at 1.) Defendant did not respond to the complaint. On February 10, 2025, Plaintiff requested entry of default against Defendant (Doc. 7), which was entered that same day. (Doc. 8.) Plaintiff filed a motion for default judgment. (Doc. 9.)

Plaintiff asserts this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1332(a)(1). (Doc. 1 ¶ 9.) The burden of establishing subject matter jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Romero v. Securus Techs., Inc.*, 216 F. Supp. 3d 1078, 1085 (S.D. Cal. 2016) ("As the party putting the claims before the court, Plaintiffs bear the burden of establishing

1

jurisdiction."). The Court may consider the issue of subject matter jurisdiction *sua sponte* at any time during the proceeding, and if the Court finds "it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). *See also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting federal courts are "obligated to consider *sua sponte* whether [they] have subject matter jurisdiction"). As described below, Plaintiff's complaint fails to sufficiently plead federal jurisdiction.

First, 28 U.S.C. § 1331 grants federal courts jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." The general rule, referred to as the "well-pleaded complaint rule," is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[F]ederal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (internal quotations omitted). Plaintiff alleges that the Court "has jurisdiction to grant declaratory relief on behalf of Plaintiff pursuant to 28 U.S.C. § 2201(a)" (Doc. 1 ¶ 11), but this statute does not provide district courts with an independent basis for federal question jurisdiction. *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005). Plaintiff's other claims—breach of implied-in-law contract/*quantum meruit* and open book account—sound in state law, and thus the complaint fails to plead jurisdiction under § 1331. *See Stearns v. Stearns*, Case No. C22-1579-RSL, 2022 WL 17832259, at *1 (W.D. Wash. Dec. 21, 2022) (issuing order to show cause regarding subject matter jurisdiction where plaintiff failed to plead a federal statute or constitutional provision under which he brought his claims).

Second, 28 U.S.C. § 1332(a) provides jurisdiction over certain actions between citizens of different states. Complete diversity is a requirement of 28 U.S.C. § 1332. Thus, the "citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For diversity purposes, corporations are citizens of their states of incorporation and their principal places of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). A limited liability company (LLC) is the citizen of every state

where its owners or members are citizens, regardless of its state of formation or principal place of business; the citizenship of all of its members must be alleged. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611-12 (9th Cir. 2016).

Plaintiff did not allege the citizenship of the members or owners of Defendant 7173 North Sharon Avenue Operating Company, LLC. The complaint simply states Defendant "is a Delaware limited liability company qualified to do business in the State of California." (Doc. 1 ¶ 2.) Plaintiff's counsel's declaration attached to its motion for default judgment similarly declares that "[t]he California Secretary of State's Web site lists Defendant as a limited liability company formed in Delaware and registered in California since January 29, 2003," and attaches "a printout of the California Secretary of State's Web page." (Doc. 9-1 ¶3 and Ex. B.) The attachment does not identify Defendant's members or owners.

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Because Plaintiff did not allege the citizenship of the LLC members or owners, the complaint fails to plead complete diversity to establish jurisdiction under § 1332. *See Grayson Serv., Inc. v. Crimson Res. Mgmt. Corp.*, No. 1:14–cv–01125–SAB, 2015 WL 6689261, at *3 (E.D. Cal. Oct. 28, 2015) (granting motion to dismiss where plaintiff's second amendment complaint was "devoid of any mention of the citizenship of the owners of the LLC" because "failure to specify the state citizenship of the parties is fatal to the assertion of diversity jurisdiction"). Accordingly,

1. Within **fourteen days** of the issuance of this order, Plaintiff **SHALL** show cause in writing why their claims should not be dismissed for lack of subject matter jurisdiction.
2. Alternatively, within **fourteen days**, Plaintiff may either file an amended complaint that contains allegations addressing the Court's jurisdiction and the issues identified in this order or may voluntarily dismiss their claims.

//
//

**Failure to comply with this order will result in dismissal without prejudice of all claims due to lack of jurisdiction.**

IT IS SO ORDERED.

Dated:  **February 27, 2025**              /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE